## AMOS VIRGIL v. THE STATE.

MURDER.　*Trial of charge of.　Instruction as to manslaughter, when error.*

It is error for the court to instruct the jury trying an indictment for murder that they may convict the defendant of manslaughter, where the evidence shows clearly that the offense is murder (if a crime at all), and the sole question to be determined is whether the defendant is the guilty party. Such instruction may compromise the right of the accused to have the jury determine that question, and lead them into a verdict of manslaughter because they are unwilling to convict of murder upon the evidence adduced.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

Amos Virgil was indicted for the murder of Prince Williams, an infant, who was burned to death on the 15th of October, 1885, in a house which was consumed by fire. The defendant plead " not guilty."

The question controverted in the evidence adduced at the trial was whether the accused fired the house the burning of which caused the death of the infant.

The second instruction given for the State was in the following language : " The jury have the power to find the defendant guilty of manslaughter, under this indictment; and if they desire so to do, the form of their verdict will be, ' We, the jury, find the defendant guilty of manslaughter.' "

The jury did find the defendant guilty of manslaughter, and he was sentenced by the court to five years' imprisonment in the penitentiary. Thereupon he appealed to this court:

*H. C. Conn,* for the appellant.

Under the evidence in this case, if Virgil burned the house at all, he did it maliciously and feloniously. If he burued the house maliciously and feloniously and the child was killed by said burning, Virgil committed murder and nothing else.

The jury had before them only one question, and that was whether Virgil willfully and feloniously burned this house, which caused the death of the deceased. That was all there was for them to decide.

And when they acquitted of the murder, by the force of common reason it is equivalent to an acquittal of the felonious burning *so far as this charge is concerned,* and even of burning the house at all, because it could not be a malicious burning and not be murder, and he did not burn it at all if not maliciously. Then they acquitted him of every act constituting any crime.

This whole case shows that the prosecution in its anxiety to convict went in for a compromise and asked the second instruction to allow the jury to ease their conscience by a compromise, not being willing to convict of a more serious offense, and yet perhaps thinking it would not be very bad for defendant to suffer punishment for manslaughter, etc., at a venture.

These compromise verdicts are wrong in principle as well as in law, as their encouragement may lead to innocence being punished.

Particularly in this case it does seem that there was no need to resort to such measures, because Virgil ought to have been convicted of murder, and so punished, if the crime had been proven, and should have been acquitted if the proof was too weak for conviction.

I insist that in this case, by no manner of reasoning and by no twisting of the facts can it be said there existed a single element of manslaughter, and *that* crime is no more necessarily included in the charge than was assault and battery in *Moon* v. *State,* 59 Miss. 27.

*H. C. Conn* also made an oral argument.

*T. M. Miller,* Attorney General, for the State.

A man who is indicted for manslaughter cannot complain of the

conviction upon proof that establishes a murder.    Bishop, Cr. Law 791.

It follows that upon proof to sustain murder upon a charge of this offense he cannot complain when convicted of manslaughter.

Now § 2880 of the code treats of manslaughter as a substantive offense, mitigating the rigor of the common law.    Its effect, so far as the subject under consideration is concerned, is only to declare, not that manslaughter shall not be, as theretofore, a *constituent* of murder, but that if the objective crime be rape, burglary, arson, or robbery, then an incidental homicide (if I may use the expression) shall not fall *below the grade* of murder, as previously declared in § 2875 of the code.

Hence we are to consider the subject of murder in this connection as if there were no other section than the latter touching that crime, and manslaughter *is* one of its constituents.

Then, aside from § 3078 of the Revised Code, the jury "have availed themselves of the common-law right, which is on an indictment for murder to find the defendant guilty of manslaughter only."    "Furthermore, at common law homicide is the genus of murder, manslaughter, etc., the species."    "Then on an indictment for murder *generally* the jury may find the defendant guilty of the least criminal of the species."    *Watson* v. *The State,* 5 Mo. 497 ; see also 1 Hale 449 ; 2 Hale 302 ; and cases cited in 1 Bish. Cr. L. 795, note 4.

The argument that the proof in a given case shows murder or nothing, and therefore that a conviction for manslaughter may not stand, has been repudiated by the supreme court of this State.    See *Rolls* v. *State,* 52 Miss. 391.

*T. M. Miller,* Attorney General, also argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

It was error to instruct the jury that it might find the defendant guilty of manslaughter.    Such an instruction is, ordinarily, free from objection in trials for murder, because it is favorable to the defendant, who may not complain if a more favorable view is taken of his case than the facts justify, but in this case the issue was, who

committed the act which caused the death? There could not be any difference of opinion as to the grade of the offence of the perpetrator. It was an atrocious murder, and while a verdict of guilty of manslaughter given by a jury, without instruction in such case, might not be set aside if the evidence justified conviction of murder, the jury should not be instructed to consider the grade of the offence when the sole inquiry is, who is guilty? and there is no room for the inquiry, of what is he guilty?

The just objection to such an instruction in such a case is that it compromises the right of the accused to have the jury determine the single question whether or not he is guilty of the act which constituted the crime. The danger from such an instruction is that the jury may take license from it to find a verdict for manslaughter upon testimony on which it would shrink from rendering a verdict of guilty of the higher crime charged. This was illustrated in this case, for the jury found a verdict for manslaughter upon evidence on which it was unwilling to convict of murder, and on which, in our opinion, no jury would or should find such verdict. If the evidence in such case does not warrant conviction of the charge of murder, it, of course, does not of manslaughter, for the question is not as to the grade of offence, but as to the connection of the accused with it, and an instruction as to the grade of the offence is misleading and harmful.

*Reversed and remanded.*