GOSS v. STATE.*

(Division B. Nov. 8, 1926.)

[110 So. 208. No. 25982.]

1. WITNESSES. *Witness is not incompetent because testimony was ob-tained by duress (Constitution 1890, section 26).*

That duress was used to obtain testimony of witness does not ren-der him incompetent, but goes only to credibility, not being within Constitution 1890, section 26, providing defendant need not give evidence against himself.

2. HOMICIDE.

Defendant, convicted of manslaughter on evidence which would sustain verdict of murder but not manslaughter, cannot com-plain of manslaughter instruction given at instance of state.

*Corpus Juris-Cyc. References: Homicide, 30CJ, p. 444, n. 17. Wit-nesses, 40Cyc, p. 2584, n. 29.

APPEAL from circuit court of Carroll county, First district.

HON. T. L. LAMB, Judge.

Jim Goss was convicted of manslaughter, and he ap-peals. Affirmed.

*S. E. Turner,* for appellant.

I.   Money Braxton was permitted, over the objection of the appellant, to testify as to the facts confessed to by him while in the Grenada county jail.   Said confession was not free and voluntary as required by law.   We think this confession in all of its details should have been excluded.   Without the testimony of Money Braxton, the state would have failed in its proof.   His testimony was properly admitted because obtained after putting him in fear.

II.   Furthermore, the facts as detailed by him show no element of manslaughter whatever and the manslaughter instruction should not have been given in this cause.   It was murder or nothing.   It has been held that the granting of a manslaughter instruction in a case where the facts warranted a conviction of murder and no element of manslaughter is shown by the evidence, is prejudicial to defendant's rights and, therefore, fatal error.   *Virgil* v. *State,* 63 Miss. 313; *Parker* v. *State,* 102 Miss. 113; 58 So. 978; *Rester* v. *State,* 110 Miss. 689, 36 So. 6; *Strickland* v. *State,* 95 So. 318.

Under the strong *alibi* shown in this case and the compromise verdict rendered by the jury, the court cannot say with confidence that the jury would not have acquitted had the issue been limited, as it ought to have been, to murder or self-defense.          ┃

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I.   *The testimony of Money Braxton was admissible.* Appellant says the testimony of Money Braxton should have been excluded for the reason that it was obtained from Money by fear and that it was not free and voluntary.   The witness did not testify as to any confession.   The entire testimony of the witness was to facts

which were actually within his knowledge, he being one of the parties actually present. This being true, it would make no difference whether or not duress might have been exerted on him to cause him to testify. Such duress would not make the testimony of the witness incompetent but would only go to the credibility of the witness and as to the weight which the jury should give to this testimony. *Belton Stallings* v. *State,* 107 So. 890.

II. *The giving of a manslaughter instruction does not warrant reversal.* The main point argued by counsel in his brief, and that which they say necessitates a reversal of this cause, is the action of the court in granting the instruction which charges the jury as to the form of their verdict in the event the defendant should be found guilty of manslaughter. Counsel argues that there is no element of manslaughter in the evidence; that the defendant is guilty either of murder or, if his testimony is to be believed, he was not present on that night and had absolutely nothing to do with the killing of William Neal. This being true, he argues that a manslaughter instruction allows the jury to compromise their verdict and to convict the defendant of manslaughter when otherwise a verdict of not guilty would have been returned by them. A number of cases are cited by counsel in support of this argument. We do not consider it necessary to enter into a discussion of these cases. The principle announced by them is not now the law in Mississippi. The cases cited by appellant were overruled by *Callicoat* v. *State,* 131 Miss. 169, 95 So. 318; *Strickland* v. *State,* 131 Miss. 169, 95 So. 318; *Stevenson* v. *State,* 136 Miss. 22, 100 So. 525; and *White* v. *State,* 107 So. 755, and the principle announced in *Houston* v. *State,* 105 Miss. 415, 62 So. 431, was re-instated and announced to be the correct rule of law on this proposition.

ANDERSON, J., delivered the opinion of the court.

Appellant, Jim Goss, was convicted of the crime of manslaughter in the circuit court of Carroll county, and sentenced to serve twelve years in the penitentiary. From that judgment he prosecutes this appeal.

One of the witnesses for the state was Money Braxton. Appellant contends that the testimony of this witness should have been excluded, because, before the trial, the witness was forced, by intimidation and fear, to confess knowledge of the facts to which he testified, which facts, if true, tended to show appellant's guilt. Appellant argues that the testimony of this witness is in the same attitude under the law as if it had been extorted from him by duress while he was on the witness stand. We do not think the contention was well founded. If duress was used to obtain the testimony of the witness, the fact of duress only went to his credibility like any other fact or circumstance which might have influenced his testimony. It did not render him *incompetent* as a witness. It only went to the credibility and weight of his evidence. *Stallings* v. *State* (Miss.), 107 So. 890.

The cases holding that a confession of guilt extorted by duress from a defendant charged with crime cannot be used against him have no application here. Those cases are founded on that clause of section 26 of our Constitution which provides that a defendant charged with crime shall not be compelled to give evidence against himself. Such evidence is not incompetent. The witness, Braxton, did not give evidence against himself. He was not being tried. He gave evidence against appellant. Although the evidence he gave may have been brought about by duress, nevertheless, it was admissible for whatever it was worth.

At the request of the state, a manslaughter instruction was given the jury. Appellant contends that there was no element of manslaughter in the case; that, under the evidence, only two verdicts could have been rendered—guilty of murder, or not guilty.

On the trial of a defendant for murder, where the evidence would sustain a verdict of guilty of murder, but not manslaughter, and the defendant is convicted of manslaughter, he cannot complain of the giving of a manslaughter instruction at the instance of the state. *Callicoat* v. *State,* 131 Miss. 169, 95 So. 318; *Strickland* v. *State,* 131 Miss. 169, 95 So. 318; *Stevenson* v. *State,* 136 Miss. 22, 100 So. 525; *White* v. *State,* 142 Miss. 484, 107 So. 755; *Huston* v. *State,* 105 Miss. 414, 62 So. 421.

We find no reversible error committed by the trial court.

*Affirmed.*