ALEXANDER *v.* STATE.*

(Division A.   Nov. 15, 1926.)

[110 So. 367.   No. 25981.]

1. WITNESSES. *Duress prior to time of introduction of witness only affects credibility, and does not disqualify him.*

Any duress asserted prior to time of introduction of witness *held* not to disqualify him as witness against partner in crime, but only to affect his credibility.

2. HOMICIDE. *Defendant cannot complain of giving of manslaughter instruction in murder trial.*

Defendant cannot complain of giving of manslaughter instruction in murder trial, even though evidence would have sustained verdict of guilty of murder, and would not have sustained verdict of guilty of manslaughter.

*Corpus Juris-Cyc. References: Homicide, 30CJ, p. 447, n. 59, 60; p. 448, n. 70, 72; Witnesses, 40Cyc, p. 2584, n. 29 New.

APPEAL from circuit court of Carroll county, First district.

HON. T. L. LAMB, Judge.

A. T. Alexander was convicted of manslaughter, and he appeals.   Affirmed.

*S. E. Turner,* for appellant.

I.   Money Braxton, one of the co-defendants, was permitted to testify, over the objections of appellant, confessing his guilt and a conspiracy on the part of said de-

fendants to commit said crime, which according to our view, under the evidence, was totally incompetent, not being free and voluntary on his part and not in the presence of defendant.

II. Under the facts detailed by the witnesses for the state, there were no elements of manslaughter whatever and the manslaughter instruction should not have been given in this cause. *Virgil* v. *State,* 63 Miss. 313; *Parker* v. *State,* 102 Miss. 113, 58 So. 978; *Rester* v. *State,* 110 Miss. 689, 36 So. 6; *Strickland* v. *State,* 95 So. 318.

III. Under the strong *alibi* shown in this case and the compromise verdict of the jury, the court cannot say with confidence that the jury would not have acquitted had the issue been limited, as it ought to have been, to murder or self-defense.

*Rufus Creekmore,* Special Agent, for the state.

I. It would make no difference whether or not duress might have been exerted on Money Braxton to cause him to testify. Such duress would not make the testimony of the witness incompetent, but would go only to the credibility of the witness and to the weight which the jury would give this testimony. There is absolutely no testimony to show that Money was influenced to give this testimony for any other reason than the desire to tell the truth. *Belton Stallings* v. *State,* 107 So. 890.

II. Counsel argues that there is no element of manslaughter in the evidence; that the defendant is guilty either of murder or, if his testimony is to be believed, he was not present on that night and had absolutely nothing to do with the killing of William Neal. This being true, he argues that a manslaughter instruction allows the jury to compromise their verdict.

Cases cited by counsel are not now the law in Mississippi. These cases are overruled by *Calicoat* v. *State,* 131 Miss. 169, 95 So. 319; *Strickland* v. *State,* 131 Miss. 169, 95 So. 318; *Stevenson* v. *State,* 136 Miss. 22, 100 So. 525; and *White* v. *State,* 107 So. 755, and the principle announced in the case of *Houston* v. *State,* 105 Miss. 415, 62 So. 431, was re-instated and announced to be the correct rule of law on this proposition.

McGOWEN, J., delivered the opinion of the court.

On an indictment for murder of William Neal the appellant was convicted of manslaughter, and sentenced to a term of twelve years in the penitentiary. He prosecutes this appeal, and assigns as error the following:

First, the refusal of the court to exclude the testimony of Money Braxton as to the facts and circumstances of the killing, for the reason assigned that the statement was first obtained from Money Braxton by virtue of fear, and was not free and voluntary; and

Second, that, if the defendant was guilty at all, he was guilty of murder, and that a manslaughter instruction on behalf of the state should not have been granted; and

Third, that the verdict of the jury was contrary to the law and the evidence.

As to the first point, that the testimony of Money Braxton was not free and voluntary, and therefore he should not have been permitted to testify against his partner in crime, it does not seem to be sustained by the record in this cause. There is nothing in the record disclosing that either the judge or any part of the court exerted any undue influence of any kind on Money Braxton, who was a witness, and he exhibited no reluctance to deliver his testimony in this case. The statement appears to have been free and voluntary and not under duress, and whatever may have occurred prior to the time he was introduced as a witness would not disqualify him as a witness

against his partner in crime, but would only go to his credibility as a witness, and this case is ruled by the case of *Jim Goss* v. *State,* 144 Miss. 420, 110 So. 208, wherein Judge ANDERSON, as the organ of the court, said:

"Appellant argues that the testimony of this witness is in the same attitude under the law as if it had been extorted from him by duress while he was on the witness stand. We do not think the contention well founded. If duress was used to obtain the testimony of the witness, the fact of duress only went to his credibility like any other fact or circumstance which might have influenced his testimony. It did not render him incompetent as a witness. It only went to the credibility and weight of his evidence."

This precise question has been settled in the case of *Stallings* v. *State* (Miss.), 107 So. 890.

It is next assigned that the court erred in giving a manslaughter instruction, because there was no element of manslaughter developed by the proof in this cause; that the issue was whether the defendant was guilty of murder, or was not guilty, on his defense of an *alibi.*

It is now quite well settled that the defendant cannot complain of the giving of a manslaughter instruction on a trial for murder, even though the evidence would have sustained a verdict of guilty of murder, and would not have sustained a verdict of guilty of manslaughter. *Calicoat* v. *State,* 131 Miss. 169, 95 So. 318; *Strickland* v. *State,* 131 Miss. 169, 95 So. 318; *Stevenson* v. *State,* 136 Miss. 22, 100 So. 525; *White* v. *State,* 142 Miss. 484, 107 So. 755; *Huston* v. *State,* 105 Miss. 414, 62 So. 421.

As to the next assignment of error, that the verdict was contrary to the law and the evidence, we have already determined that no error of law is found in this record. We have carefully read the testimony, and the issue was squarely presented to the jury as to whether or not appellant had participated in a most brutal, horrible murder of a defenseless old negro, and a cunning concealment of the crime thereafter, or the theory ad-

vanced by appellant that he was not there, but was elsewhere. We think there was sufficient testimony to warrant the jury in believing that the appellant participated in this crime, and we can find no good reason for disturbing the verdict of the jury in this case.

.  *Affirmed.*