## TAYLOR *v.* STATE.[*]

(In Banc. December 12, 1927.)

[114 So. 823. No. 26714.]

CRIMINAL LAW. *Defendant, convicted of manslaughter, on evidence which would sustain conviction for murder, cannot complain of giving of manslaughter instruction at state's instance.*

In murder prosecution, where defense offered was an *alibi* and defendant was convicted of manslaughter, defendant could not complain of giving of manslaughter instruction at instance of state, where evidence would have sustained verdict of guilty of murder but not manslaughter.

[*] Corpus Juris-Cyc. References: Homicide, 30CJ, p. 445, n. 32.

APPEAL from circuit court of Rankin county.

HON. G. E. WILSON, Judge.

Jim Taylor was convicted of manslaughter, and he appeals. Affirmed.

*E. W. Patrick,* for appellant.

The court erred in granting the manslaughter instruction for the state. The general rule of law is announced

in the case of *Calicoat* v. *State,* 131 Miss. 169, 95 So. 318.
But there is another rule of law equally well founded,
and thoroughly sustained by this court and which this
court in the Calicoat case expressly held, that the Cali-
coat case, was not in conflict with. That rule of law is
announced in *Virgil* v. *State,* 63 Miss. 317.

The only question was as to the identity of the party
who did the shooting, and who killed Willie Brown the
deceased. The manslaughter instruction asked for by
the state, and granted to the state, was not an instruction
on the issue before the jury, which was, who did the
shooting? But it was an instruction as to the nature,
grade or quality of the act, when the sole question was,
what were the connections the defendant had with it?
The evil effect of an instruction for the state that the
jury may find the defendant guilty of manslaughter, is,
that the jury may take license to find him guilty of man-
slaughter, upon testimony on which they would be un-
willing to find the defendant guilty of murder. The jury
has never passed upon the issue joined, as to whether
or not the defendant was the party who committed the
murder.

*J. A. Lauderdale,* Assistant Attorney-General, for the
state.

Since *Calicoat* v. *State,* 131 Miss. 169, this court has
consistently held that in cases where the proof for the
state makes a case of not guilty, that the granting of
a manslaughter instruction by the trial court is not prej-
udicial to the rights of the defendant. *Strickland* v.
*State,* 131 Miss. 169; *Stevenson* v. *State,* 136 Miss. 22;
*White* v. *State,* 142 Miss. 484, 107 So. 755; *Goss.* v. *State,*
144 Miss. 420, 110 So. 208; *Alexander* v. *State,* 145 Miss.
675, 110 So. 368; *Blalock* v. *State,* 148 Miss. 1, 113 So.
627.

Counsel for appellant contends that the ruling of the
court in the above-styled causes applied only where the

defense interposed by the defendant is self-defense. However, he is mistaken in this contention. In *Stevenson* v. *State, supra,* the defendant claimed that he accidentally killed the deceased. The testimony for the state made a case of murder. The court held that a manslaughter instruction was not prejudicial to the rights of the appellant, even though the jury returned a verdict of guilty of manslaughter.

COOK, J., delivered the opinion of the court.

The appellant, Jim Taylor, was indicted and tried for murder, and was convicted of manslaughter, and sentenced to serve a term of five years in the penitentiary, and from this conviction and sentence he prosecuted this appeal.

The deceased was shot at a negro picnic at Boone Lake near Brandon, in Rankin county. Two eyewitnesses testified that the appellant shot the deceased, and the testimony for the state, if believed, makes a case of deliberate and unprovoked murder. The defense offered was an *alibi;* several witnesses testifying that the appellant was not at the picnic at the time of the shooting.

At the request of the state, the court granted an instruction defining manslaughter, and authorizing the jury to return a verdict of manslaughter. The granting of this instruction is the basis of the only assignment of error that is argued by counsel, and in support of this assignment he relies upon the case of *Virgil* v. *State,* 63 Miss. 317.

In the case of *Calicoat* v. *State,* 131 Miss. 169, 95 So. 318, this court held that, where a person is slain by the defendant, and the slaying is admitted, but the defense is self-defense, then, on an indictment for murder, and a conviction of manslaughter, where the testimony would sustain a verdict of guilty of murder, and where there are no elements of manslaughter involved, the granting of a manslaughter instruction is harmless error, of which

the defendant cannot complain,. and in so holding over-
ruled the case of *Rester* v. *State,* 110 Miss. 689, 70 So.
881, and other cases in line with the doctrine of the Rester
case.

The Calicoat case, however, did not overrule the Virgil
case, as it was expressly stated therein that:

"This opinion is in no wise conflicting with the opinion
of the court in the case of *Virgil* v. *State,* 63 Miss. 317.
In the Virgil case the indictment was for the murder of
an infant by burning a house (arson). The sole issue in
that case was the identity of the guilty party. The Vir-
gil case in no wise attempted to modify or overrule the
*Rolls case,* 52 Miss. 391, which is in accord with this opin-
ion."

In the Virgil case the defendant was indicted for the
murder of an infant who was burned to death in a house
which was consumed by fire, and the question controvert-
ed in the evidence adduced at the trial was whether the
accused fired the house, the burning of which caused the
death of the infant, and the court there held that:

"It was error to instruct the jury that it might find the
defendant guilty of manslaughter. Such an instruction
is, ordinarily, free from objection in trials for murder,
because it is favorable to the defendant, who may not
complain if a more favorable view is taken of his case
than the facts justify, but in this case the issue was, Who
committed the act which caused the death? There could
not be any difference of opinion as to the grade of the
offense of the perpetrator. It was an atrocious murder,
and, while a verdict of guilty of manslaughter given by
a jury, without instruction in such case, might not be
set aside if the evidence justified conviction of murder,
the jury should not be instructed to consider the grade
of the offense when the sole inquiry is, Who is guilty?
and there is no room for the inquiry of what is he guilty.

"The just objection to such an instruction in such a
case is that it compromises the right of the accused to
have the jury determine the single question whether or

not he is guilty of the act which constituted the crime. The danger from such an instruction is that the jury may take license from it to find a verdict for manslaughter upon testimony on which it would shrink from rendering a verdict of guilty of the higher crime charged. This was illustrated in this case, for the jury found a verdict for manslaughter upon evidence on which it was unwilling to convict of murder, and on which, in our opinion, no jury would or should find such verdict. If the evidence in such case does not warrant conviction of the charge of murder, it, of course, does not of manslaughter, for the question is not as to the grade of offense, but as to the connection of the accused with it, and an instruction as to the grade of the offense is misleading and harmful."

In each of the recent cases of *Goss* v. *State,* 144 Miss. 420, 110 So. 208, and *Alexander* v. *State,* 145 Miss. 675, 110 So. 367, the testimony for the state made a case of deliberate and unprovoked murder, while the testimony for the defendant tended to establish an *alibi,* but the defendant was convicted of manslaughter under an instruction submitting the issue of manslaughter, and the court held that a defendant convicted of manslaughter, on evidence which would sustain a verdict of murder, but not manslaughter cannot complain of a manslaughter instruction given at the instance of the state. The Virgil case was not referred to in the opinion of the court in either the Goss or the Alexander case, and the rule announced in the latter cases is necessarily in conflict with the doctrine of the Virgil case, and the disposition of the question presented by this appeal makes necessary an announcement as to which of these cases will be followed.

In the consideration of the effect of a manslaughter instruction in a case in which the grade of the offense is not controverted, but the only question is the guilt or innocence of the party charged, we do not think any real distinction can be drawn between a case in which the

defense is self-defense or accidental killing and one in which the question controverted in the evdence adduced at the trial is whether the accused was the criminal agent. The reasoning and argument in the Calicoat case, in support of the position that the granting of a manslaughter instruction is harmless error in a case where the slaying is admitted, but the defense is self-defense, or accidental killing, with which the writer of this opinion was not in accord, applies with equal force in a case where the defense is an *alibi.* Consequently, the case of *Virgil* v. *State,* 63 Miss. 317, and other cases in line with the doctrine therein announced, are hereby expressly overruled and the doctrine as announced in the case of *Goss* v. *State, supra,* and *Alexander* v. *State, supra,* that "on the trial of a defendant for murder, where the evidence would sustain a verdict of guilty of murder, but not manslaughter, and the defendant is convicted of manslaughter, he cannot complain of the giving of a manslaughter instruction at the instance of the state," is reaffirmed. The judgment of the court below will therefore be affirmed.

*Affirmed.*