SAMUELS *et al. v.* STATE.[*]

(Division A. March 11, 1929. Suggestion of Error Overruled March 25, 1929.

[120 So. 920. No. 27355.]

[*]Corpus Juris-Cyc References: Criminal Law, 16CJ, section 846, p. 470, n. 31; Homicide, 30CJ, section 711, p. 445, n. 31, 32; Juries, 35CJ, section 381, p. 347, n. 50.

*Herbert M. Fant* and *R. T. Keyes*, for appellants.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Argued orally by *Herbert M. Fant* and *R. T. Keyes,* for appellant, and *Rufus Creekmore,* for the state.

Cook, J. In the circuit court of Panola county, the appellants, Walter Samuels and Bill Overall, were indicted and tried for murder, were convicted of manslaughter, and were sentenced to the state penitentiary for three years, and from this conviction and sentence this appeal was prosecuted.

The appellants denied that they, or either of them, fired a shot at the time of the difficulty in which the deceased was killed, and they offered testimony tending to show that the fatal shot was fired by one Sam Griffin, but a statement of the facts, as testified to by the several witnesses, is unnecessary in disposing of the questions raised by the assignments of error.

The appellants assign as error the action of the court below in overruling a motion for a continuance on the ground of the absence of a witness who, it was alleged, would testify that she saw the shooting, and that neither

of the appellants fired a shot, but the shots that killed the deceased were fired by Sam Griffin. From the testimony offered in support of this motion for a continuance, it appears that this witness and her husband lived in Panola county until a short time before the trial in the court below. The husband of this witness was convicted of some crime, and served a term in jail, and, after he was released from jail, he returned to his former home in Birmingham, Alabama. About three weeks before the trial of this case in the court below, the witness moved to Birmingham to join her husband, who was engaged in carpenter work in that city. For about four months before she left Panola county some of her household goods were stored at her father's home, and she did not move these goods. The balance of her household goods were moved to Birmingham. The father of this proposed witness testified that she told him that she would be back after a while, but that he did not know when she would return to Mississippi.

Aside from any consideration of the question of whether or not this testimony would have been merely cumulative, we are of the motion that the testimony offered for and against the motion fails to show with any degree of certainty that the presence of this witness could have been had at the next term of the court, and, consequently, the court below committed no error in ruling that the trial should proceed.

Appellants next assign as error the action of the court below in overruling their challenge of a certain juror for cause, thereby causing them to use one of their allotted peremptory challenges to remove this juror from the panel.

From that part of the *voir dire* examination of this juror which is in the record, it appears that this juror was present at a part of the preliminary investigation made of the matter before a justice of the peace, but the juror testified that he heard but very little of the testi-

N

mony at this investigation; that he was in and out, and was so far back that he did not get much out of it; that he had no impression or opinion as to the guilt or innocence of appellants, and could and would decide the case on the law and the evidence. The examination of this juror failed to disclose any disqualification, and the court below committed no error in overruling the challenge.

Finally, the appellants complain of the giving of a manslaughter instruction at the request of the state.

Conceding, for the purpose of this decision only, that on the evidence in this record the manslaughter instruction was improper, the error was harmless. *Taylor* v. *State,* 148 Miss. 713, 114 So. 823.

The judgment of the court below will therefore be affirmed.

*Affirmed.*