LOWRY *v.* STATE.

(Division B.    October 13, 1947.)

[32 So. (2d) 197.    No. 36386.]

James A. Finley, of Tupelo, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

414

Argued orally by **Jas. A. Finley,** for appellant.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellant and another were jointly indicted by the grand jury of Chickasaw County for the murder of· W. D.

Grist. Appellant was granted a severance, tried and convicted of manslaughter, and sentenced to the penitentiary for a term of five years. From this conviction and judgment he appealed here, and has assigned two errors, viz., the court erred in granting a manslaughter charge for the State; and in refusing appellant an instruction requested by him.

The evidence introduced by the State was clearly sufficient to sustain a verdict of guilty as charged, that is, murder. The appellant denied that he shot deceased, denied he had any pistol with which to do the shooting. In other words, he denied that he was the slayer of deceased. He had witnesses to corroborate his denial, thus presenting a sharp conflict in the evidence. But the jury, by its verdict of manslaughter, convicted him of the slaying.

He contends here, under his first assignment of error, that this was a compromise verdict, induced by the granting to the State of an instruction on manslaughter, since there was no evidence in the record to sustain a manslaughter verdict.

Appellant, in his able and interesting brief, cites the cases of Calicoat v. State, 131 Miss. 169, 95 So. 318, and Virgil v. State, 63 Miss. 317, arguing that where the slaying is admitted, the doctrine of the Calicoat case is sound, but that where the slaying is denied, and there is no element of manslaughter shown by the evidence, the Virgil case makes it clear that no manslaughter instruction should be granted the State.

Appellant lists twenty-one cases decided by this Court (all of them after the Virgil case), wherein we have approved manslaughter instructions granted the State where the evidence disclosed no elements of manslaughter, but did sustain the charge of murder. Of these, he points out that in eleven of them the killings were admitted by the defendants, whose defenses were justification, self-defense, accident or insanity. In four of them the opinions of the Court do not reveal the defenses interposed.

In the remaining six cases, the defendants denied doing the killing, as here. Those cases are: Huston v. State, 105 Miss. 413, 62 So. 421; Alexander v. State, 145 Miss. 675, 110 So. 367; Taylor v. State, 148 Miss. 713, 114 So. 823; Carter v. State, 152 Miss. 43, 118 So. 369; Samuels v. State, 153 Miss. 381, 120 So. 920; and Blevins v. State, 169 Miss. 868, 154 So. 269.

In the Calicoat case it was said [131 Miss. 169, 95 So. 322]: "This opinion is in no wise conflicting with the opinion of the court in the case of Virgil v. State, 63 Miss. 317. In the Virgil Case the indictment was for the murder of an infant by burning a house (arson). The sole issue in that case was the identity of the guilty party. The Virgil Case in no wise attempted to modify or overrule the Rolls Case [Rolls v. State], 52 Miss. 391, which is in accord with this opinion." The verdict of the jury, in the case at bar, set at rest the issue of the identity of the party guilty of the slaying, by the conviction of appellant of manslaughter, in the slaying of the deceased, and we are thereby bound on the facts. The assignment of error raises, therefore, a question of law.

The State contends that the more recent decisions of this Court have firmly imbedded in our jurisprudence the rule that a defendant cannot complain of the granting of manslaughter instruction, even though the facts established that the killing was murder or nothing, or where the defense was an alibi, or where the defendant denied doing the killing, as here. Alexander v. State, 145 Miss. 675, 110 So. 367. In the State's brief, the following is quoted from Blevins v. State, 169 Miss. 868, 154 So. 269, 271: "Appellant assigns and argues as error the giving of a manslaughter instruction for the state. The ground of the argument is that the evidence shows conclusively that appellant was either guilty of murder or innocent. There is no merit in this contention. In a case where the evidence is sufficient to convict of murder, a defendant cannot complain of a conviction of man-

slaughter. . . . The decisions of our court holding to the contrary have been overruled.''

In the case of Alexander v. State, 145 Miss. 675, 110 So. 367, 368, the defendant, as here, denied doing the killing. In other words, the identity of the defendant as the slayer was the issue. In the case at bar the appellant denied that he killed the deceased. In the Alexander case, we said: ''It is now quite well settled that the defendant cannot complain of the giving of a manslaughter instruction on a trial for murder, even though the evidence would have sustained a verdict of guilty or murder, and would not have sustained a verdict of guilty of manslaughter.'' A defendant, where the evidence was sufficient to support a conviction of guilty of murder, for which the penalty would be electrocution or life imprisonment, should, therefore, not be heard to complain that he was granted a verdict, for which the only punishment could be a limited term in the penitentiary, since he was not prejudiced by the lighter punishment. This is the philosophy of our jurisprudence on the subject.

As conceded by counsel for appellant in his brief, the State's evidence amply sustains the charge of murder. It contains no elements of manslaughter. This, it is contended, made the granting of the instruction on manslaughter a reversible error, since appellant denied that he did the slaying of deceased. However, since we have, in the twenty-one cases listed in the brief, decided definitely and positively to the contrary whether the defense was justification, self-defense, accident, alibi, insanity, or denial of the actual killing, in order to approve this assignment of error, we would have to overrule the six cases which reject the argument made here on behalf of appellant, and announce a different rule, as an exception to the general rule, by holding that granting a manslaughter charge to the state on an indictment for murder, sustained by the State's proof, and the evidence disclosed no elements of manslaughter, would be prejudicial error where

defendant denied that he did the killing. We cannot agree the we should do so.

As to the instruction refused appellant, we have considered it most carefully, and find no error of the trial court in denying it. An indictment is not evidence, in a criminal prosecution, yet the basis for this refused instruction was the use therein of the indictment in this case as evidence of the joint indictment of appellant with another in the case, wherein appellant had been granted a severance.

For the reasons stated, we must and, therefore, do affirm the judgment of the circuit court.

Affirmed.