# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CA-00112-SCT

*EZELL HOLIDAY, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/93 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | CYNTHIA HEWES SPEETJENS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/30/97 |

**BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

This is an appeal challenging a lower court's denial of a petition for post-conviction relief. The petition asserted that the appellant's guilty plea and sentence for the rape of his ten-year-old stepdaughter was invalid because the crime charged in the indictment (capital rape) was different from the crime to which the appellant pled guilty ("simple rape"). Based upon a careful review of the proceedings in the lower court, we affirm the trial court's denial of the petition for post-conviction relief, finding that the appellant voluntarily, intelligently, and knowingly pled guilty to a related, inferior offense of capital rape.

## I.

On June 10, 1992, Ezell Holiday (Holiday) was indicted for the capital rape of his stepdaughter,

pursuant to Miss. Code Ann. § 97-3-65(1) (Rev. 1994). On October 16, 1992, Holiday signed a Petition to Enter Plea of Guilt to the charged offense. In the petition, Holiday indicated that he understood the elements of the charged crime. He also submitted, in writing, that he unlawfully obtained carnal knowledge of the ten-year-old child.

During the guilty plea hearing held on October 16, 1992, the State informed the trial court that Holiday was charged with capital rape in two separate indictments. Pursuant to plea negotiations however, the State chose to proceed on only one charge of capital rape and *nolle pros* the other charge in exchange for Holiday's open guilty plea. Upon being informed by the court that the only available sentence for capital rape was life, the State indicated that it would proceed on "simple rape, " foregoing the life sentence possibility.

Based upon this agreement, the trial court judge explained to Holiday that the State was proceeding on "simple rape," not capital rape. Holiday acknowledged his understanding. The trial court further explained that in the event of a guilty plea, his sentence would be reasonably less than life. Indicating his understanding to the terms of the plea agreement, Holiday confessed that he penetrated his ten-year-old stepdaughter's vagina with his penis. Similarly, during the plea colloquy, Holiday told the judge that every allegation in his petition was true and correct.[1]

Accordingly, the judge accepted Holiday's guilty plea to the offense of "simple rape." Subsequently, the judge sentenced Holiday to forty (40) years imprisonment, with ten (10) years suspended and five (5) years probated, to be served in the State Penitentiary.

On March 11 and April 20, 1993, Holiday petitioned for post-conviction relief from the lower court. However on December 09, 1993, the lower court dismissed his petition with prejudice. Aggrieved, he filed notice of appeal with this Court on January 27, 1994.

## II.

Holiday presently argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because he pled guilty to an unindicted crime and that he was forced to plead guilty to a crime he did not commit, did not exist, and therefore could not have committed. Similarly, Holiday argues that his counsel rendered ineffective assistance for allowing him to so plead.

In response to Holiday's contentions, the State argues that Holiday's guilty plea is valid and was intelligently, knowingly, and voluntarily given. In particular, the State asserts that Holiday permissibly pled guilty to an offense "inferior to the offense charged in the indictment where the inferior offense is encompassed within the offense charged." The State's position is well taken, and because of our disposition of this issue, Holiday's ineffective assistance of counsel claim is not reached.

## III.

Holiday was charged in an indictment with capital rape under Miss. Code Ann. § 97-3-65(1), which provides in relevant part:

> Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen (14) years, upon conviction, shall be sentenced to death or imprisonment for life in the State Penitentiary; provided, however, any

person thirteen (13) years of age or over but under eighteen (18) years of age convicted of such crime shall be sentenced to such term of imprisonment as the court, in its discretion, may determine. In all cases where the child is under the age of fourteen (14) years it shall not be necessary to prove penetration of the child's private parts where it is shown the private parts of the child have been lacerated or torn in the attempt to have carnal knowledge of the child.

This Court recognizes an accused individual's right to an indictment, guaranteed by the Mississippi Constitution Article 3, § 27.[2] Likewise, in **Callahan v. State**, 419 So. 2d 165 (Miss. 1982), this Court noted that an indictment for a specifically pled offense subjects the defendant to a possibility of being found guilty not only of the charged crime, but for any attempt to commit the crime, as well as for any and all inferior offenses.

Thus, it stands to reason that here, the indictment against Holiday allowed him to enter a guilty plea to not only the charged offense, but to any lesser, related, or inferior offense as well. *See* Miss. Code Ann. § 99-19-5 (providing that a jury may convict [inferentially a defendant can plead guilty] a defendant of a lesser included offense on trial of any indictment; *see also* **Hailey v. State**, 537 So. 2d 411, 414 (Miss. 1988).

Moreover, it is well established that, outside the constitutional realm, the entry of a knowing and voluntary guilty plea waives all defects or insufficiencies in the indictment. **Jefferson v. State**, 556 So. 2d 1016, 1019 (Miss. 1989) (*citing* **Williams v. State**, 512 So. 2d 666, 672 (Miss. 1987)). The principal exception to this general rule is the failure of the indictment to charge a criminal offense or, more specifically, the failure to charge an essential element of a criminal offense, which is not waivable. **Jefferson v. State**, 556 So. 2d at 1019 (*citing* **Durr v. State**, 446 So. 2d 1016, 1017 (Miss. 1984); **Maxie v. State**, 330 So. 2d 277, 278 (Miss. 1976).

It is to this exception, i.e., that his guilty plea and sentence are invalid as there was no indictment, that Holiday clings; however, it does not afford him any relief for the following reason. In this particular case, Holiday was before the lower court under a valid indictment charging him with capital rape (and impliedly all other lesser, related, inferior offenses). Thus, if the lower court had jurisdiction to find Holiday guilty of capital rape, it certainly had jurisdiction to accept his guilty plea to an inferior offense, and subsequently sentence him to a term of years. **Jefferson v. State**, 556 So. 2d at 1020. Put another way, once an indictment has been served on a defendant, a court having subject matter jurisdiction is empowered to proceed. A subsequent event, such as a guilty plea to a[n inferior] related offense, does not oust the court of personal jurisdiction. **Id.** at 1021.

That said, Holiday knew that he stood charged with the rape of his stepdaughter. He initialed beside the elements of the offense in his Petition to Enter Plea of Guilty. He acknowledged that he understood the elements of the crimes of both capital rape and "simple rape" upon the trial court's inquiry, and he admitted that he penetrated the child's vagina with his penis. Thus, based upon the record, we find that Holiday had adequate notice of the crime of which he stood charged, and that he knowingly, intelligently, and voluntarily confessed that he raped his ten-year-old stepdaughter.

Nonetheless, Holiday argues that he pled guilty to "simple rape," a crime that simply does not exist, and, alternatively, one that he did not commit (could not have committed). First, we note that during the guilty plea hearing, none of the parties specifically stated what particular statute they were referring to as "simple rape." However, this deficiency is irrelevant for reasons to be set out below.

Additionally, we note that it was Holiday who (in his subsequent petition for post-conviction relief and briefs) assumed that he pled guilty to Miss. Code Ann. § 97-3-65(2), which is the forcible rape of someone older than fourteen. Since the victim in the instant case was younger than fourteen-years-old, Holiday, armed with his assumption, now opines that he pled guilty to a crime that did not exist under the facts and circumstances of the instant case. He is mistaken.

There are two ways, under the wording of § 97-3-65(1), to be sentenced for a conviction of capital rape. One is to be eighteen-years of age or older and rape a child younger than fourteen-years-old, which subjects the perpetrator to a punishment of either death or life imprisonment. The second way is to be at least thirteen but not eighteen and rape a child younger than fourteen, which subjects the perpetrator to a term of years left up to the discretion of the trial court.

In the instant case, one of the terms of the plea bargain agreement was that Holiday would not be sentenced to life imprisonment. To forego the possibility of a life sentence, the State had to "reduce" the charge from capital rape to "simple rape," thereby vesting the trial court with the authority to sentence Holiday to a term of years instead of the mandatory life sentence. Contrary to Holiday's unauthorized and unsupported assumption, we find that Holiday pled guilty to that portion of the capital rape statute (§ 97-3-65(1)) which allowed the trial court to sentence him to a term of years less than life. This provision is, obviously, a related capital rape offense, and arguably a lesser included offense in light of the lower sentence. Thus, the trial court had the authority to accept Holiday's guilty plea to "simple rape."

While the record indicates that Holiday is older than eighteen-years of age, it was wholly acceptable for the State, which is vested with wide discretion in entering into plea bargains, to accept Holiday's guilty plea to a lesser, inferior offense even if the evidence could have (did) proved that Holiday qualified for the greater capital rape provision, in exchange for his guilty plea. Such plea bargains are commonplace. Moreover, Holiday, who took full advantage of the deal without objection, cannot now complain about being convicted of and sentenced for the lesser or related, inferior offense instead of the greater offense. Similar arguments have been rejected in the past. *See **Lowry v. State***, 202 Miss. 411, 416, 32 So. 2d 197, 198 (1947) (holding that where the evidence is sufficient to convict the defendant of murder, the defendant cannot complain about being convicted of the lesser offense of manslaughter).

### IV.

Because we find that Holiday entered a valid, knowing, intelligent, voluntary plea to a related, inferior offense of capital rape, his claim of ineffective assistance of counsel lacks merit and is therefore not entertained by this Court.

### V.

In conclusion, this Court finds that Holiday gave a proper, valid guilty plea to a lesser, related inferior provision of the capital rape statute pursuant to a plea agreement, in which one of the conditions was that the trial court would sentence Holiday to a term of years considerably less than life. Such a deal is commonplace and permissible. Thus, we will affirm the trial court's denial of Holiday's petition for post-conviction relief.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. The Petition to Enter Plea of Guilty alleged, among other things, that:

"On or about April 12, 1992, I removed clothing of . . . and placed my penis inside the child's vagina, (sic) This occured (sic) at 546 West Pascagoula Street, Jackson Mississippi[.]" Holiday initialed next to this confession.

2. That section provides in relevant part:

No person shall, for any indictable offense, be proceeded against criminally by information, except . . . where a defendant represented by counsel by sworn statement waives indictment.