# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1999-KA-00258-COA

**JASON TURNER**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 07/21/1998 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY J. BUCKLEY |
| | DAVID L. SULLIVAN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | DEWITT L. FORTENBERRY JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | MURDER: SENTENCED TO SERVE A TERM OF LIFE IN THE MDOC |
| DISPOSITION: | AFFIRMED - 07/18/2000 |
| MOTION FOR REHEARING FILED: | 7/28/2000; denied 9/19/2000 |
| CERTIORARI FILED: | 10/4/2000; denied 11/30/2000 |
| MANDATE ISSUED: | 12/21/2000 |

BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.

SOUTHWICK, P.J., FOR THE COURT:

¶1. Jason Turner was convicted by a Covington County Circuit Court jury of deliberate design murder. He alleges that a manslaughter instruction was necessary. We disagree and affirm.

## FACTS

¶2. Jason Turner attended a party at the trailer home of Annie Owens in the Lily Valley community of Covington County on February 1, 1997. With him was his then-girlfriend, Leona Owens. A witness at the party testified that Turner was "sloppy drunk" and that Turner boasted that "he was going to die tonight or he was going to kill somebody." Shortly thereafter, Turner got into a shoving match with Gerald Barnes, the victim. After Turner was pushed backwards over a table, he pulled a gun from the waistband of his trousers, placed it against Barnes's chest and pulled the trigger. As Barnes fell to the floor, Turner fled the party saying the noise "wasn't nothing but a firecracker." Other partygoers took Barnes to the hospital, where he died later that night.

¶3. Turner's date that night, Leona Owens, testified that Turner had what appeared to be blood on his shirt as they left the party. On cross-examination, she conceded that the stains could have been from grape juice used in the punch. A forensic pathologist testified about the damage caused to Barnes by the bullet and to the fact that the wound bore evidence of having been inflicted with the gun barrel in direct contact with Barnes's chest.

¶4. Turner's story was that he did not have a gun with him at the party and did not shoot Barnes. He thought the noise from the gunshot was a firecracker. The other defense witness, Gerard Brent, claimed amnesia as to the pertinent events of the night.

## DISCUSSION

¶5. Turner testified at trial that he was unarmed and that he did not shoot Gerald Barnes. He now asserts that he was entitled to a manslaughter instruction based on "heat of passion." That crime involves a "killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law and not in necessary self-defense." Miss. Code Ann. § 97-3-35 (Rev. 1994). "Heat of passion" is a "state of violent and uncontrollable rage engendered by a blow or certain other provocation given," but the passion must be the result of "immediate and reasonable provocation" arising from words or acts of the victim. *Mullins v. State*, 493 So. 2d 971, 974 (Miss. 1986).

¶6. Turner offered an instruction on this form of manslaughter. An instruction should be granted only when there is evidence in the record that would permit a rational juror to find guilt of the lesser offense and absence of guilt on the greater. *Hobson v. State,* 730 So. 2d 20, 26 (¶ 22)(Miss. 1998). The analysis requires that the evidence be considered as favorably towards the accused as reason will permit. *Id*. In *Hobson*, as in this case, the defendant claimed he did not kill the victim, and the trial court convicted the defendant of murder without allowing the jury to consider manslaughter. *Id*. at 23. The supreme court agreed that "the evidence in this case simply did not support a finding of heat of passion manslaughter." *Id*. at 27.

¶7. When a deadly weapon is used, as here, malice is implied. In order to overcome that implication, there must be some evidence in the record from which the jury could determine that the act was not the result of malice, but a result of the heat of passion. *Wilson v. State*, 574 So. 2d 1324, 1336 (Miss. 1990). In one precedent, the defense asserted that the victim died as a result of an accidental drowning, not from any act by the defendant. *Wetz v. State*, 503 So. 2d 803, 809 (Miss. 1987). The supreme court held that Wetz presented no evidence to support a heat of passion instruction. *Id.* Wetz's claim that he had no role in the killing at all meant that his evidence did not support heat of passion; neither was there evidence from other sources to support the manslaughter instruction. Denial of the charge was proper. *Id.*

¶8. This case is similar to *Wetz*. Turner testified that he had nothing whatever to do with the killing. Therefore, his testimony does not provide any support for a juror to find heat of passion. Other evidence only reveals that there was a shoving match between Turner and the victim. Angry or reproachful words are insufficient provocation to constitute manslaughter. *Johnson v. State*, 416 So. 2d 383, 387-88 (Miss. 1982). There was evidence that the victim pushed Turner over a table, but we do not find that this by itself would support a finding of "violent and uncontrollable rage" absent some testimony from someone that rage appeared to exist.

¶9. Turner cites three cases that allegedly required the instruction here. The first restates principles that we have already discussed and finds that the instruction was properly refused. *Greenlee v. State*, 725 So. 2d 816, 823 (¶16)(Miss. 1998).

¶10. The second of Turner's cases is one in which a manslaughter instruction was given at the *State*'s request, and the jury convicted the defendant of manslaughter. *Lowry v. State*, 202 Miss. 411, 417-18, 32 So. 2d 197, 199 (1947). The alleged error was that the instruction allowed jurors to compromise on a verdict when the accused should have been acquitted of any crime at all. *Id.* at 415, 32 So. 2d at 198. The court held that even if the evidence supports that the accused was guilty either of murder or of no crime at all, it was not reversible error for a State instruction on manslaughter to be given. *Id.* at 416-17, 32 So. 2d at 198. That is not our issue.

¶11. The third Turner citation is to a case in which the *State's* request for a manslaughter instruction was denied because the defendant objected. *Dedeaux v. State*, 630 So. 2d 30, 32 (Miss. 1993). Dedeaux admitted to the killing but argued that it was in self-defense. *Id.* at 33. The supreme court held that the evidence solely supported heat of passion manslaughter. It reversed and rendered on the lesser offense despite the trial counsel's refusal of the instruction. *Id.* There was much more than an exchange of a few words in *Dedeaux*: "The case at bar is representative of the typical 'juke joint' confrontation: a marriage gone sour, too much booze consumed, an angry husband and a wife's new found live-in boy friend." *Id.* at 31.

¶12. No other instruction is contested on appeal. The omission of the "heat of passion" manslaughter instruction did not constitute error. We affirm.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.**

**McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.**