STEVENSON *v*. STATE.*

(Division B.   June 16, 1924.)

[100 So. 525.   No. 24145.]

1. HOMICIDE. *Instruction authorizing conviction of manslaughter held harmless where evidence would authorize conviction of murder.*
   Where, on the trial of a defendant charged with murder, the evidence for the state showed that defendant was guilty of murder, while the evidence for the accused showed a case of accidental killing, and the defendant was convicted of manslaughter, an instruction which authorized the jury to convict of manslaughter was harmless error.

2. CRIMINAL LAW. *Failure to give unrequested instruction defining manslaughter not erroneous.*
   Under Code of 1906, section 793, forbidding the court to grant instructions not asked for, the failure of the court to give an instruction defining manslaughter, where neither party requests it, is not error.

3. HOMICIDE. *In prosecution for murder, instruction advising jury of penalty for manslaughter held not reversible error.*

Where, on the trial of a defendant charged with murder, the evidence for the state, if believed, made out a clear case of murder, while the evidence for the defendant, if accepted, showed an accidental killing, and the defendant was convicted of manslaughter, an instruction which informed the jury that in case of a conviction of manslaughter the court might sentence the defendant to the penitentiary for a term of years, not to exceed twenty years, was not prejudicial to the rights of the defendant and was not reversible error.

*Headnote 1. Homicide, 30 C. J., section 711; 2. Criminal Law, 16 C. J., section 2497; 3. Homicide, 30 C. J., section 720.

APPEAL from circuit court of Jefferson county.

HON. R. L. CORBAN, Judge.

James Stevenson was convicted of manslaughter, and he appeals. Affirmed.

*Truly & Truly,* for appellant.

I. There was error in granting any kind of a manslaughter instruction when there was no evidence to justify it. Our court has held in many cases, beginning with *Virgil* v. *State,* 63 Miss. 320, that it is reversible error to grant an instruction for manslaughter where the crime is either murder or nothing. The only case in this state holding to the contrary which has come under our observation is the case of *Huston* v. *State,* 62 So. 421, which was expressly overruled by the case of *Rester* v. *State,* 70 So. 881. See also, *Leavell* v. *State,* 92 So. 630; *Ealy* v. *State,* 91 So. 417; *Hannah* v. *State,* 39 So. 855. This constitutes one class of case; the other class consists of cases in which this court has reversed cases because a manslaughter instruction, under such state of facts, was granted the state. A few of the latter class are: *Virgil* v. *State,* 63 Miss. 320; *Stovall* v. *State,* 47 So. 479; *Parker* v. *State,* 58 So. 978; *Walker* v. *State,* 86 So. 337.

II. Next, the instruction complained of does not attempt to define the crime of manslaughter but leaves the

definition to the whim or imagination of the jury. It will be noted that in neither of the two instructions granted the State (which were the only ones requested) is there any definition of what constitutes manslaughter. Must a human being, however humble, be left to the whim or caprice of a jury which is instructed "you may find him guilty of manslaughter" and then leave a definition of that crime to the same jury? *Green* v. *State,* 37 So. 646; *Johnson* v. *State,* 20 So. 515.

These cases settle the law in this state, in our humble opinion, that in any case where a manslaughter instruction is proper, it is absolutely necessary to tell the jury what constitutes that crime.

III. The instruction tells the jury the penalty for manslaughter and only gives part of that. There are at least two cases in our state which state this to be error. *Johnson* v. *State,* 29 So. 515, and *Ellerbe* v. *State,* 30 So. 57.

*F. S. Harmon,* Assistant Attorney-General, for the state.

I. Counsel vigorously insists that the fourth paragraph of instruction No. 2, informing the jury that they might find the defendant guilty of manslaughter, constituted reversible error, and it is with this question that the court is here concerned.

Learned counsel cites a number of cases by the Mississippi court upholding his contention, but he failed entirely to refer to the all-important, recent cases of *Calicoat* v. *State* and *Strickland* v. *State,* 131 Miss. 169, 95 So. 318, decided in 1922 which are conclusive here.

The jury in the case at bar found that the defendant was guilty of an unlawful homicide. They thus rejected his own testimony that the killing was the result of an unfortunate accident. True, they made a mistake which lessens the sentence, but they made no mistake as to finding the defendant guilty of unlawfully killing this woman. Surely he cannot complain where, under the same finding

of fact he either would have been hanged or committed to the penitentiary for life if the mistake had not been made. See, also, *Powers* v. *State,* 83 Miss. 699.

II. But appellant insists with equal vigor that it was fatal error not to give the jury a definition of manslaughter. Thus he insists on the one hand that it was error to give the manslaughter instruction at all, and then on the other seeks a reversal because still another error was not committed. However, the short answer to appellant's contention is that if he had wanted the jury instructed as to a definition of manslaughter he could have requested such an instruction of the trial judge. Having failed to do so, he should not now be heard to complain. *Dickson* v. *State,* 106 Miss. 697, 64 So. 379. Section 793 of the Code of 1906, section 557, Hemingway's Code, forbids the judge to do anything except "at request of either party he shall instruct the jury upon the particulars of law applicable to the cause." If counsel for appellant thought it necessary for the jury to be instructed liberally as to the definition of manslaughter, it was his privilege and right under the statute to request such an instruction in writing. See, also, *Railroad Company* v. *Moore,* 101 Miss. 775.

III. Finally, it is insisted that paragraph 4 of this second instruction for the state is erroneous in that it refers to the sentence. Counsel cites *Ellerbe* v. *State,* 30 So. 57, where there was an indictment for murder and a conviction of manslaughter, and the court informed the jury that they might find the defendant guilty of manslaughter and added these words: "Under this verdict the court may fine the defendant in any sum not less than five hundred dollars, or imprisonment in the county jail not more than one year or both, or may sentence him to the penitentiary not less than two years." The court held that this clause, above cited, was reversible error, but based its holdings upon the fact that it considered the punishment in its milder form and looked too much like

an invitation to compromise. This, in itself is sufficient to distinguish the two cases. In the Ellerbe case the jury was liberally informed as to the minimum verdict. In the case at bar, the jury was casually informed as to the maximum verdict, which could not exceed twenty years. There is quite a difference in the two cases. It is easy to see how a jury would be misled if the court informed them that the punishment may vary from hanging down to the five hundred dollars fine. But here, after specifically setting forth the various verdicts which the jury might return in finding the defendant guilty of murder, the court referred in most general language to the maximum penalty for manslaughter. And since in the average adult a twenty-year sentence is so clearly equivalent in its practical results to a life sentence, the difference between the two is not so extreme and the open invitation to compromise on the lesser offense, which was decisive in the Ellerbe case, is entitled to little consideration here.

Cook, J., delivered the opinion of the court.

The appellant, James Stevenson, was indicted and tried in the circuit court of Jefferson county for murder and was convicted of manslaughter, and sentenced to serve a term of ten years in the state penitentiary, and from this conviction and sentence he prosecuted this appeal.

The appellant shot and killed his wife in their home. Other than the appellant, there was only one eyewitness, the sixteen-year old stepson of the appellant. The testimony of this boy, if believed, makes a clear case of murder, while if the testimony of the appellant is accepted the killing was accidental.

In this state of the record the state secured the following instruction:

"The court instructs the jury for the state that their verdict will be in one of the following forms:

"(1) 'We, the jury, find the defendant guilty as charged.' In this event the court will sentence the defendant to be hanged.

"(2) 'We, the jury, find the defendant guilty .as charged and fix the punishment at life imprisonment in the state penitentiary.'

"(3) 'We, the jury, find the defendant guilty as charged, but certify that we cannot agree on the punishment.' In this event the court will sentence the defendant to life imprisonment in the state penitentiary.

"(4) 'We, the jury, find the defendant guilty of manslaughter'—in which event the court will sentence him to serve a term of years in the state penitentiary, not to exceed twenty years.

"(5) 'We, the jury, find the defendant not guilty.'"

The only assignment of error argued by counsel for appellant is directed at the fourth clause of this instruction, the objections to this clause of the instruction being summarized as follows:

"First. Because there is no evidence in the record on which a manslaughter instruction could be based.

"Second. Because the instruction does not define the crime of manslaughter, but leaves it to the whim or imagination of the jury.

"Third. Because the instruction undertakes to set out the penalty for manslaughter, which is improper, and then makes bad matters worse by giving only a portion of the penalty."

The first objection to this instruction is fully answered by the cases of *Calicoat* v. *State* and *Strickland* v. *State,* 131 Miss. 169, 95 So. 318, in which the court expressly overruled the case of *Rester* v. *State,* 110 Miss. 689, 70 So. 881, and that line of cases which are in accord with the doctrine of the Rester case, and returned to the principles announced in the case of *Huston* v. *State,* 105 Miss. 413, 62 So. 421. In the Calicoat case the court quoted at length, and adopted, the reasoning of the Huston case, and announced as the correct rule the following:

"The question here presented for our determination, and which we decide, is this: Where a person is slain by another, and the slaying is admitted by the defendant,

whose plea is self-defense, then, on an indictment for murder, and a conviction of manslaughter, where the testimony would sustain a verdict of guilty of murder, and where there are no elements of manslaughter involved, it is harmless error of which the defendant cannot complain, that a jury saw fit to find him guilty of manslaughter instead of murder. Or, stated briefly in a different way, where the killing is admitted, and only the nature and quality of the act are to be determined, a manslaughter instruction under the above circumstances is harmless error. Before this court will reverse a cause, it must be satisfied of two facts, namely, that an error in favor of the appellee was committed in the trial of the cause by the court below, and second, that this error was prejudicial to the rights of the appellant.''.

While the writer was not in accord with the majority of the court in the Calicoat case, and expressed the view that the doctrine of the cases of *Parker* v. *State,* 102 Miss. 113, 58 So. 978, and *Rester* v. *State,* 110 Miss. 689, 70 So. 881, and other cases in accord with them, should be followed, the rule announced in the Calicoat case is controlling and is decisive of the first criticism of this instruction.

The next point argued is that the instruction complained of fails to define the crime of manslaughter. No instruction was asked by either side defining the crime of manslaughter, and a court may not, under our statute, give instructions not asked in writing. *Johnson* v. *State,* 78 Miss. 627, 29 So. 515. The defendant asked no instruction defining manslaughter, and consequently the failure of the court to give the jury such a definition was not an error of which he may complain. In the case of *Dixon* v. *State,* 106 Miss. 697, 64 So. 468, the defendant was convicted of murder, and, on appeal, assigned as error the failure of the court to give the jury a definition of murder, and in responding to this assignment the court said:

''No instruction was asked by either the state or defendant requesting the court to define the crime of murder, and therefore, under section 793 of the Code, it was with-

out power to so instruct them; consequently it did not err in not so doing, for error cannot be predicated upon the failure of the court to do a thing which it is expressly forbidden by the statute to do."

The third and last objection to this instruction is that it tells the jury the penalty for manslaughter and only gives part of this penalty.

In the case of *Johnson* v. *State,* 78 Miss. 627, 29 So. 515, the refusal of a requested instruction was assigned as error. The court held that the instruction was properly refused for the all-sufficient reason that it authorized a verdict of guilty of· manslaughter, when there was absolutely nothing in the evidence to warrant a finding of manslaughter; but the court also said that the instruction was faulty in stating that the court had control of the punishment of that crime.

In the case of *Ellerbe* v. *State,* 79 Miss. 10, 30 So. 57, the state asked and was granted an instruction which authorized a verdict of manslaughter, and informed the jury that under such a verdict the court might fine the defendant in any sum not less than five hundred dollars, or imprison him in the county jail not more than one year, or both, or may sentence him to the penitentiary not less than two years. The court held that it was improper to inform the jury of the character or degrees of punishment for manslaughter in any case, and held that the instruction was reversible error in that case, and assigned as the reason for so holding that—"It is faulty in stating the punishment, and that in its milder forms, it looks too much like an invitation to the jury to compromise on the lesser offense."

For the reason assigned by the court it does not appear that it intended to hold that every instruction referring to the penalty for manslaughter would be reversible error in all cases, and the holding that the instruction granted in the Ellerbe case was reversible error can only be justified on the ground therein stated; that is, that the instruction as given constituted an invitation or inducement to the jury to compromise on the lesser offense.

In the case now before us the instruction informed the jury that in case of a conviction of manslaughter the court might sentence the defendant to serve a term of years in the penitentiary, not to exceed twenty years. We do not think that this instruction can properly be said to be an invitation or inducement to the jury to compromise on the lesser offense, and, if this instruction was error at all, it was not prejudicial to the rights of the appellant and will not justify a reversal under the facts of this record.

The judgment of the court below will therefore be affirmed.

*Affirmed.*