RANSOM *et al.* v. STATE.[*]

(Division B.   Jan. 9, 1928.   Suggestion of Error Overruled Feb. 6, 1928.)

[115 So. 208.   No. 26851.]

1. CRIMINAL LAW. *Conflict in evidence in criminal prosecution is for decision of jury alone; in criminal prosecution, where there is no improbability on face of testimony of witnesses on one side, court may not set it aside because of contradicting testimony by greater number of witnesses.*

Where there is a conflict in the evidence in a criminal prosecution, a decision of such conflict is for the jury alone; and where there

is no improbability on the face of the testimony of the wit-
nesses for one side, the court cannot set such testimony aside
merely because of more numerous witnesses for the opposite
party contradicting such witnesses.

2. CRIMINAL LAW.  *Where defendant's attorney in argument stated
portion of punishment which might be inflicted on conviction
for manslaughter, permitting district attorney to state rest of
punishment which might be inflicted held not error; attorney in-
viting error cannot complain of it.*

Where an attorney for the defendant being prosecuted for crime
stated in an argument a portion of the punishment that might be
administered in case of a conviction of manslaughter, it was not
error to permit the district attorney, in replying to such argu-
ment, to state the rest of the punishment that might be inflicted
for such offense.  An attorney who invites error cannot com-
plain of it.

3. CRIMINAL LAW.  *Where objection to district attorney's argument
is sustained, defendant cannot complain, unless he moves for
mistrial before jury retires.*

Where a statement made by a district attorney, in his argument
to the jury, is objected to, and the objection is sustained by the
court, the defendant cannot complain thereof, unless he moved
for a mistrial before the jury retired.

4. HOMICIDE.  *To justify killing, defendant must have reasonable
ground to apprehend deceased's design to kill or do him some
great bodily harm, with imminent danger of success; person
may apprehend danger to life, believing grounds of apprehension
just and reasonable, and yet act at his peril in killing adversary;
jury is judge of reasonableness of ground for killing in self-de-
fense.*

It is not reversible error to give an instruction in a prosecution
for murder that the slayer must have had reasonable ground to
have apprehended a design on the part of the deceased to kill
him, or to do him some great bodily harm, and that there must
be imminent danger of such design being accomplished, and
that hence mere fear, however sincerely entertained by one
person, that another designs to take his life, or to do him some
great bodily harm, is insufficient to justify a homicide, and that
a party may have an apprehension that his life is in danger,
and may believe the grounds of his apprehension to be just and
reasonable, and yet act at his peril.  He is not the final judge
in determining the reasonableness of the ground upon which he
acted; the jury is the judge of such reasonableness.

5. CRIMINAL LAW. *Instructing that inference of guilty knowledge and fear may be drawn as matter of law from flight held proper; explaining reasons for flight does not render erroneous instruction that inference of guilty knowledge and fear may be drawn from flight as matter of law; flight is indication of guilty knowledge and fear, to be considered with all other evidence; weight to be attached to flight, as showing guilty knowledge and fear, is for jury.*

It is not error to instruct a jury in a proper case that flight is a matter from which, as a matter of law, inference of guilty knowledge and fear may be had; and, where such flight has taken place, the mere fact that the defendant gives an explanation of his reasons for such flight does not render the instruction improper upon this proposition. A flight is to be considered along with all the other evidence in the case, and it is for the jury to say what weight is to be attached to it.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 551, n. 9; p. 911, n. 74; p. 929, n. 86; p. 931, n. 5; p. 985, n. 48; 17CJ, p. 72, n. 58; p. 209, n. 85; p. 269, n. 2; Homicide, 30CJ, p. 61, n. 4; p. 330, n. 21. As to right of court to charge on law of self-defense in prosecution for homicide, see 13 R. C. L. 812, 813; 3 R. C. L. Supp. 87; 5 R. C. L. Supp. 711.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

John Ransom and Jack Simmons were convicted of manslaughter, and they appeal. Affirmed.

*Denton & Denton,* for appellants.

*J. A. Lauderdale* and *Rufus Creekmore,* Assistant Attorneys-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

Appellants were indicted for the murder of Red Henry, convicted of manslaughter, and sentenced to serve three years in the penitentiary. All the parties are negroes, and the deceased was killed on Saturday night, July 3, 1926, at a negro picnic which was held on Friday, Satur-

day and Saturday night, in celebration of July 4th, which came on Sunday that year. There was a dancing stage or pavilion near a store porch, and adjoining this was a booth or table, where refreshments and other articles were sold. The killing occurred at nine o'clock at night, and this dancing pavilion was lighted by two or three small oil lamps. The scene of the shooting was forty or fifty feet from this stand. There was direct conflict in the evidence of witnesses for the state and the defendant; some of the state's witnesses testifying that each of the defendants shot the deceased, and that they ran from the scene immediately.

It appears from the evidence that Red Henry had been drinking the day prior to the killing, and there is testimony to show that he was drinking at the time of the killing; that he approached the place where the defendants were talking to some negro women and asked who called him, and he was advised that no one had called him; and that he then cursed, saying he knew that some one had called him. There was some exchange of profanity, and Jack Simmons hit Red Henry on the back of the head with a coca-cola bottle. The cursing became more violent, and Simmons ran his hand into his pocket and drew out his pistol. John Ransom, who had been standing near Simmons and taking no part in the altercation, drew his pistol out and shot Red Henry, and Jack Simmons fired his pistol, and Red Henry died from the effect of the wounds on the following Monday. Testimony for the state showed that Red Henry had no weapon at the time of the killing, and had done nothing to provoke such killing, except using profane and abusive language.

The defendant John Ransom based his case on self-defense. Jack Simmons attempted to establish an *alibi*.

It is insisted that the proof is insufficient to make out a case, and that the evidence for the state is so overwhelmingly contradicted by that of the defendants that verdict ought not to stand. We are unable to agree with

this proposition. The question of the credibility of witnesses is for the jury alone. The state's witnesses, if their testimony be true, make out a case of unjustifiable killing. It is true there were more witnesses for the defendants than for the state, but it is a well-known fact that the testimony of a person of good character and reputation will naturally outweigh that of persons who are not up to the standard as to credibility. In the case before us, there is no improbability on the face of the state's proof, and it was for the jury to say whether it was, in fact, true.

It is also insisted, for error, that the district attorney in the course of his argument informed the jury of the punishment the law prescribes for manslaughter. It appears from the record that this statement of the district attorney was in answer to the argument of counsel for the defendants, who had stated that, if defendants were convicted of manslaughter, they could be sentenced to the penitentiary for not more than twenty and not less than two years, and the district attorney merely stated that, in a conviction for manslaughter, a fine could also be imposed, or a term in jail imposed, instead of a sentence to the penitentiary.

We think the argument complained of was invited by the defendants' statements along the same line, and a party who invites error by his own conduct cannot complain of it. While, of course, the jury ought not to be told of the punishment that would follow a conviction in cases where punishment is not fixed by the jury, still it is not necessarily error that will reversed a case where such statements are made. *Stevenson* v. *State,* 136 Miss. 22, 100 So. 525; *Blalock* v. *State* (Miss.), 113 So. 627.

Another assignment of error goes to the remark of the district attorney on another phase of the case. Counsel for the defendant, in arguing the case, attacked the credibility of one of the witnesses, Willie Townsend, stating that one reason his testimony should not be received was that he was a bootlegger. In reply to this

the district attorney stated that, if Willie was a bootlegger, he should be punished, and that, if Ransom was carrying a pistol, he was violating the law and should be punished, and these remarks were objected to, and the objection was sustained by the court. The district attorney then explained that he did not mean that the defendants ought to be convicted in this trial for carrying a pistol.

There was no motion to discharge the jury on account of these remarks, and as the court sustained the objections, and instructed the jury to disregard same, it did all that it was required to do, and the defendants cannot complain. *Cotton* v. *State,* 135 Miss. 792, 100 So. 383; *Allen* v. *State* (No. 26537, Miss.), 114 So. 352.

Appellants complain of instruction No. 4, which reads as follows:

"The court instructs the jury, for the state, that, to make a homicide justifiable on the grounds of self-defense, the danger to the slayer must be either actual, present, and urgent or the slayer must have reasonable grounds to apprehend a design on the part of the deceased to kill him, or to do him some great bodily harm, and, in addition to this, that there was imminent danger of such design being accomplished; and hence mere fear, apprehension, or belief, however sincerely entertained by one person, that another designs to take his life or to do him some great bodily harm, and yet this will not justify the former in taking the life of the latter party. A party may have an apprehension that his life is in danger, and believe the grounds of his apprehension just and reasonable, and yet he acts at his peril. He is not the final judge; the jury may determine the reasonableness of the ground upon which he acted."

We do not think the giving of this instruction was error. A party may have a reasonable apprehension before he can act upon it. A party may sometimes act unreasonably, and yet act in good faith, and it might possibly reduce the offense from murder to manslaughter,

where he so acts. But in this case the jury returned a verdict of manslaughter, and that is as favorable as any party might get, where he acts without reasonable apprehension. In addition to this, the defendants' instructions were full and favorable, and announced the law in their behalf as favorably as they were entitled to have it. All the instructions are to be taken, read, and construed together, and there was no error in this regard.

Appellants complain of instruction No. 6, for the state, which is as follows:

"The court instructs the jury, for the state, that flight is a circumstance from which as a matter of law the inference of guilty knowledge and fear may be inferred; and if you believe from the evidence in this case beyond a reasonable doubt that the defendant John Ransom fled, and remained in flight and hiding for a time after he helped to kill the deceased, if you believe from the evidence in the case beyond a reasonable doubt that he did help to kill him, you may take such flight or hiding into consideration along with all the other evidence in the case, in determining the guilt or innocence of the said defendant John Ransom."

It is argued that the defendant's flight is explained, and that his explanation is not contradicted, and, consequently, the presumption that might be drawn from the flight should not be given to the jury in the charge of the court. As we understand the law of flight, it is to be considered in connection with all the other evidence in the case, and the jury will determine from all the facts whether this flight was from a conscious sense of guilt, or whether it was caused from other things, and give it such weight as the jury thinks it is entitled to, in connection with all the other evidence in the case.

There are other assignments of error, but they are without merit, and are not entitled to be noticed in this opinion. The judgment of the court below is therefore affirmed.

*Affirmed.*