ESLICK *v.* STATE.

No. 41471          April 4, 1960          119 So. 2d 355

*Berger, Callon & Zuccaro, Frank Walden, Clyde W. Mullins,* Natchez, for appellant.

668

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant Melford L. Eslick was convicted in the Circuit Court of Jefferson County of armed robbery, and was sentenced to serve 20 years in the state penitentiary. The verdict is amply supported by the evidence.

On November 15, 1958, Eslick and two male companions were stopped by the police in the City of Natchez, in Adams County. There was a considerable amount of firearms in their car, and his two companions were killed in a gun battle with the police. Appellant escaped from the car, with a pistol in his hand, and made his way to the residence of Mrs. Ike Foster, around 10:30 that morning. She was playing with her children. Eslick at gun point robbed her of the contents of her purse, which totaled slightly more than $2, forced her to get him a change of clothes, and compelled her to drive him from the scene in her car. Mrs. Foster took along her twin daughters, and drove north into Jefferson County. During all of this period defendant held a pistol on her. The car began running hot, so defendant left Mrs. Foster and proceeded on foot. She and the children returned home unharmed. Defendant was later captured in Jefferson County.

Eslick testified that he did not remember anything about invading Mrs. Foster's home, taking her money at gun point, and requiring her to drive him away from the area. He did not deny he did these acts, but stated that, since an automobile accident in 1957, he was a victim of periodic amnesia. The testimony by Mrs. Foster as to defendant's acts, as outlined above, is undisputed. On the merits, Eslick's only real defense would be insanity at the time of the crime. This issue was submitted to the jury by instructions for the State and defendant, and the jury found against him. Moreover, defendant testified in an intelligent and perceptive manner, and the triers of fact could also consider this circumstance along with the other evidence in determining Eslick's sanity at the time of the crime.

Appellant argues that the trial court erred (1) in not empanelling a jury to determine, preliminarily, his sanity vel non, at the time of the trial, and (2) in overruling his motion for a continuance.

■■■ The crime was committed on November 15, 1958, in Adams County, and Eslick was arrested that day in Jefferson County. A grand jury in the Circuit Court of Adams County indicted him on November 20. On November 28 defendant, by his attorneys, filed a suggestion that he was insane and not capable of making a rational defense; and moved the court to empanel a jury to determine these issues. The suggestion averred that he was subject to seizures of amnesia, was incoherent and irrational, and for that reason was unable to confer with his attorneys. On the same day, the Circuit Court of Adams County entered an order reciting that, at the conclusion of testimony presented by defendant in support of his motion on suggestion of insanity, "the State confessed same", the suggestion was sustained, and it was ordered that Eslick be committed to the State Insane Hospital at Whitfield for observation and examination, to determine whether he was sane and able to stand trial; that "upon final adjudication on the question of insanity, if he be found sane", the defendant should be remanded to the custody of the sheriff to stand trial. Eslick was then sent to Whitfield for examination for 60 days.

On March 27, 1959, defendant filed a motion for a change of venue, the State "confessed" it, and the court ordered the venue of the case to be changed to Jefferson County. The regular September 1959 term of the Circuit Court of Jefferson County began on Monday, September 21. The case was then set for trial on Friday, September 25. On September 25 defendant filed his motion for a continuance. It averred that a subpoena had been issued for Dr. W. L. Jaquith, of the Whitfield Hospital, who was examining physician of Eslick; and the absent witness would give testimony material to the defense and pertaining to the sanity of defendant, and was the only doctor acquainted with his past history. The motion averred that Dr. Jaquith would probably be available at the next term of court. Appellant's counsel did not issue

a subpeona for Jaquith until approximately 10:00 A. M. of September 25, the trial date. In a telephone conversation with the office of Dr. Jaquith, the District Attorney was advised he was out of the state.

In a preliminary hearing on the motion for continuance, which the court overruled, defendant testified that Dr. Jaquith was the person who examined him during the 60 days he was at Whitfield. After the jury returned a verdict of guilty, defendant's motion for a new trial assigned as one of its grounds the previous overruling of his motion for a continuance, based on the absence of Dr. Jaquith. This motion for new trial was filed and overruled on October 2, 1959. Defendant did not offer Jaquith as a witness in a hearing on the motion, and did not attach to his motion for continuance an affidavit by Jaquith or by anyone else as to what he would testify.

With reference to the suggestion of insanity, the record does not reflect that appellant ever again brought up the question before the court of a preliminary examination, after the case was removed to Jefferson County. The State proceeded to put on its witnesses, finished its case, and defendant offered his first witness. During her interrogation, the trial court ruled defendant had a right to offer evidence on insanity. Defendant's counsel observed, ''We have a suggestion of insanity filed and we intend to introduce testimony on it.'' The jury was then excused, and the following colloquy occurred:

''By. Mr. Forman: I want him to announce to the court whether he is questioning the sanity of the defendant now or whether or not it's questioned at the time of the commission of the crime. Are you defending on the ground of insanity at the time of the commission of the crime?

''By Mr. Walden: That is right.

''By the Court: Do I understand now that the defendant is defending on the grounds of the insanity of

the defendant at the time of the commission of the crime?

"By Mr. Walden: That is right, your Honor.

"By the Court: Are you defending on the grounds that the defendant is insane at the time of the trial?

"By Mr. Walden: The answer is no, however, the defendant by this answer does not waive anything pertaining to the suggestion of insanity heretofore filed and part of the record.

"By the Court: Then the defense will be permitted by the Court to defend at their request this defendant on the grounds of insanity at the time of the commission of the crime."

In brief, defendant's counsel advised the trial court he was defending on the ground of insanity at the time of commission of the crime, but was not on insanity at time of trial.

After the trial court sustained the suggestion of insanity and ordered a psychiatric examination of defendant at Whitfield Hospital, defendant took no further steps to obtain a preliminary trial before a jury on this issue. In the meantime the case had been transferred to the Circuit Court of Jefferson County. When it appears to the trial court that there is a probability that defendant is incapable of making a rational defense, that issue must be submitted preliminarily to a jury. Robinson v. State, 223 Miss. 70, 81, 77 So. 2d 265 (1955). Apparently the circuit court concluded there was not a reasonable probability that defendant was insane at the time of trial, since it took no further action on the matter. Manifestly, counsel for defendant were of that opinion, since they did not ask the court, after the transfer of the case to Jefferson County, for a trial on this issue before a jury. On the contrary, no mention of insanity at the time of trial was made by defendant's counsel until defendant began putting on his case. The State's attorney asked defense counsel as to whether they were defending on the ground of insanity at the

time of trial, to which defense counsel replied: "The answer is no."

■■■ Defendant waived a preliminary hearing before a jury on that ground. Counsel cannot put the trial court in error, by counsel's own action deliberately taken, and then seek a reversal on that ground. McAfee v. State, 40 So. 2d 271, 41 So. 2d 43 (Miss. 1949); Ransom v. State, 149 Miss. 262, 115 So. 208 (1928). In effect, appellant by his counsel abandoned any preliminary hearing before a jury on this issue. He is in no position now to assert that by his own action the trial court committed error. If defendant had desired preliminary hearing, he should have asked the trial court to grant it. Thereupon, the issue would have been presented directly to that tribunal.

■■ ■ There was no reversible error in overruling appellant's motion for a continuance. Other than a letter from Dr. Jaquith to the court, which is bound in the record but not properly a part of it, there is no showing whatever as to the findings made by Dr. Jaquith or as to what he would testify. Furthermore, appellant's motion for a new trial contained no affidavits or other evidence indicating what the absent witness might testify to, or indicating any prejudice to defendant. Thus appellant failed to comply with a long established rule of Lamar v. State, 6 Miss. 265 (1885), Robinson v. State, *supra.* ■■ ■ Under Miss. Code 1942, Sec. 1520, the granting of a continuance is largely within the discretion of the trial judge, and refusal will not be grounds for reversal, unless that discretion has been abused and this Court is satisfied that injustice has resulted therefrom. Appellant wholly failed to show, on the hearings on his motion for continuance and motion for new trial, what the testimony of the absent witness would be, and that any prejudice resulted from his failure to testify.

■■■ The crime occurred on Nov. 15, 1958. Defendant was tried on Sept. 25, 1959, ten months later. Appellant could very well have anticipated a trial in less than that

time. He was under the duty to exercise reasonable diligence in obtaining counsel, and counsel in preparing the case. Appellant was represented by counsel during a period beginning at least with Nov. 28, 1958, when he filed a suggestion of insanity. Appellant's counsel had many months to obtain the facts and results of Dr. Jaquith's examination, before the trial. Since they had no subpoena issued for him until the morning the case was set for trial, clearly the trial court was correct in holding, in effect, that appellant failed to exercise due diligence by undertaking in advance to obtain the attendance of this witness. Bolin v. State, 209 Miss. 866, 871-872, 48 So. 2d 581 (1950).

There is no merit in these and the other assignments of error, so the conviction should be, and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Gillespie, JJ.,* concur.