INZER, Justice:
Appellant, Jackie Bourne, was convicted in the Circuit Court of Jefferson-Davis County on a charge of assault and battery. Appellant was fined $500, and sentenced to six months in the county jail, with four months of the sentence being suspended after two months had been served. From this conviction and sentence, appellant appeals to this Court.
The proof on behalf of the State establishes that on November 2, 1964, appellant was employed by Zollie Daniels as a carpenter. Lavelle Camp went to see Daniels on this day relative to getting Daniels to send some men to finish some carpentry work that was being done on Camp’s house. This was the second time that Camp had been to see Daniels about the work. Daniels refused to send the men and he and Camp had some words.
Camp testified that while he was talking to Daniels, appellant was behind him some three or four feet. He stated that he told Daniels that he would get someone else to do the work and about that time Duane Daniels, who was nearby, threw up his hands and hollered, “don’t”, and started running toward him. About the time Daniels got in front of him he was struck from the rear by a 2 X 4 board about seven feet long in the hands of appellant. Camp said that he had no conversation with appellant prior to the time he was struck. As a result of the blow, it was necessary for Camp to undergo an operation for a ruptured spleen.
Appellant testified in his own behalf and his version of what occurred was that one or two seconds before he hit Camp he heard Camp say to Zollie Daniels, “One dam thing certain I’m going to see you don’t get any more work to do in Prentiss.” At that point appellant told Camp to leave and Camp made one step toward him and appellant hit him with the 2X4. Appellant said that Camp never said a word to him and never lifted his hands toward Daniels, and as far as he knew, never lifted his hands toward him.
Appellant earnestly contends that the trial court was in error in several respects. After a careful consideration of every error assigned and appellant’s excellent brief, we find no reversible error. We only mention those errors assigned that merit discussion.
Appellant urges that the trial court was in error in refusing to grant his motion to quash the indictment or to require the State to elect which statute he was to be tried under. The basis of the argument is that the indictment concludes with the following words: “Contrary to form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.” Appellant contends that these words indicated that he was charged with a statutory violation rather than the common law offense of assault and battery. However, the indictment charges the common law offense of assault and battery and does not attempt to charge any of the statutory crimes of assault and battery. The use of the words “contrary to the form of the statute” were unnecessary surplus, but do not affect the validity of the indictment. The offense charged is a misdemean- or and no technical terms are essential, and when used may be disregarded, if the indictment as a whole charges an offense. Wilson v. State, 80 Miss. 388, 31 So. 787 (1902).
Appellant next urges that the trial court was in error in refusing to continue the case for a reasonable time after appellant was served with a copy of the indictment as provided in Mississippi Code Annotated section 2441 (Supp.1964). This section, as amended, requires that a copy of the indictment be served on a defendant prior to arraignment. The record shows that a copy of the indictment was served upon appellant a short time before he was *679 arraigned at the August 1965 Term of Court. Appellant was indicted at the January 1965 Term and was represented by counsel at that time. A motion for continuance was filed and the cause continued. The State evidently overlooked serving a copy of the indictment until the August Term of the Court. Appellant does not contend that he and his counsel were not aware of the charge made in the indictment prior to the arraignment or that he was in anyway prejudiced by the failure of the State to serve a copy of the indictment upon him sooner. He relies solely upon the contention that the statute contemplates a lapse of time between the serving of the copy and the arraignment. The statute does not provide for any certain length of time between the serving of the copy and the arraignment. Under the facts and circumstances of this case, we are of the opinion that the trial court was not in error in refusing to grant the requested continuance. We can visualize circumstances where it would be error for the trial court to refuse to allow a defendant sufficient time prior to arraignment to study the indictment after it is served upon him, but those circumstances are not present in this case.
Appellant also contends that the trial court was in error in refusing to sustain his motion for a continuance because of the absence of a witness, Duane Daniels. Appellant substantially complied with the requirements of the statute relative to continuance in that he made diligent efforts to secure the presence of this witness. He continued his efforts and did have the witness present in court at the time a motion for a new trial was presented to the trial court. The trial judge, after considering the affidavit attached to the motion for a new trial, overruled the motion. It has long been the law that the granting of a continuance is largely in the discretion of the trial judge and a refusal is not grounds for a reversal unless that discretion has been abused and this court is satisfied that an injustice has resulted. We can not say that an injustice has resulted in this case. Eslick v. State, 238 Miss. 666, 119 So.2d 355 (1960).
The only other error which merits discussion is the error charged relative to granting the following instruction to the State:
The Court instructs the jury for the State of Mississippi that in .trying this case you should not hunt for doubts, with the view of finding an excuse or apology for your verdict, nor should you indulge in such doubts as are merely conj ectural; but the doubts which ought to make you pause and hesitate must be reasonable doubts, and they must arise out of the evidence or for the want of evidence in this case. You are not required by the laws of this State to know the defendant is guilty of the crime charged against him before you can convict him, and you should not hesitate to find that he is guilty before you are able to say, outside of the evidence, that he might have been innocent; but after carefully considering all the evidence in the case, if you believe beyond every reasonable doubt that he is guilty, you should discharge your duty fearlessly under your oaths and under the law, and say so by your verdict.
This instruction, in practically the same language, has been before this Court many times. It appears to have been first considered in the case of Smith v. State, 103 Miss. 356, 371-372, 60 So. 330, 332 (1912). The Court made the following statement relative to the instruction:
“The eleventh instruction does attempt to make more plain one of the most exact and easily understood expressions known to the law — one which any man with sufficient intelligence to be a juror could not misunderstand. This attempt to define the phrase ‘reasonable doubt’ is by the method of inclusion and exclusion; and while it probably was of no assistance to the jury in arriving at its verdict, and could very properly have been refused, nothing contained in it lessens either the *680 quantity of evidence or degree of proof required for conviction. Such was not the case with the instructions condemned in Brown v. State, 72 Miss. 95, 16 South. 202, and Burt v. State, 72 Miss. 408, 16 South. 342, 48 Am.St.Rep. 563.”
In Jones v. State, 130 Miss. 703, 714, 94 So. 851, 852 (1922), this instruction was again before the Court, and Justice Cook writing for the Court said:
“This instruction is specially criticized on account of the use of the word ‘because’ instead of ‘before’ in the sentence reading, ‘You should not hesitate to find him guilty because you are able to say, outside of the evidence, that he might have been innocent’; the contention of counsel for appellant being that this sentence precludes the jury from considering any doubts which may arise from a lack of evidence. It is difficult to understand the exact meaning of the instruction as given, and it should properly have been refused; but in view of the many skillfully drawn and exceedingly liberal instructions granted the defendant, covering repeatedly every element of proof required for conviction, we do not think this instruction could possibly have misled the jury as to the quantity of evidence or degree of proof required for conviction, and we have reached the conclusion that it does not constitute reversible error.”
In Harris v. State, 135 Miss. 171, 184, 99 So. 754, 757 (1924), Justice Ethridge after quoting the statement in Jones supra and analyzing the instruction said:
“Where the law is clearly given, and all rights of parties are carefully safeguarded we will not reverse for a mere technical error or a verbal inaccuracy. However we think it would be wise for those charged with the enforcement of the law to steer clear of confusing instructions and present the law as clearly as possible. The state desires no advantage in the trial of a case, and the instructions ought to be so drafted as to assist the jury in reaching its conclusions by clear and explicit language. We decline to reverse the clause for the giving of this instruction.”
Since Harris, supra, this instruction has been before us in several cases and while in most we have criticized the instruction, we have never reversed because of this instruction, and we decline to reverse this case. However, this instruction has so many objectionable features it should not be given in future cases. Attorneys prosecuting for the State should not request this instruction, and if requested the trial judge should refuse to grant it. The granting of this instruction in future cases where it is a close question on the facts will constitute reversible error.
Inasmuch as we find no reversible error in this record, the case must be affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and ROBERTSON, JJ., concur.