**Willie Rambus MARBLE, Petitioner-Appellant,**

**v.**

**M. C. EDWARDS, in his capacity as Sheriff of Lowndes County, Miss., Respondent-Appellee.**

**No. 71-2708.**

United States Court of Appeals, Fifth Circuit.

March 24, 1972.

---

Jordan & Lohrmann, Billy J. Jordan, Columbus, Miss., for petitioner and appellant.

A. F. Summer, Atty. Gen. of Miss., G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, Miss., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Marble's petition for writ of habeas corpus contends that the State suppressed evidence favorable to the accused and knowingly used perjured testimony in obtaining his conviction for murder, for which he is serving a life term in the Mississippi State penitentiary. Since the merits of appellant's claim turn on a ballistics report which has never been in evidence before any court from which he has sought post-conviction relief, we remand for an evidentiary hearing.

It was an active night at the Windbreak Club. The opinion on appeal tells the story. Marble v. State, 245 So.2d 588 (Miss.1971). When the proprietor blinked the house lights to indicate it was closing time, an argument ensued over a request to sell beer after the time limit. During the discussion, four guns surfaced. Defendant had a .38 caliber pistol, two others had a .32 and a .44, and James Conway a .25. After the shoot-out, one man was in critical condition, another lay mortally wounded. The issue: which gun did the work? Defendant's .38 was determined to be the guilty gun and he was convicted of murder.

Conway testified for the State that his .25 was inoperable because it did not have a clip and thus his gun could not have been at fault. It is to this testimony that the petition addresses itself.

After the trial, defense counsel learned for the first time that a ballistics report had been prepared by experts at the Mississippi State Crime Laboratory that allegedly would show Conway's .25 to have been in action at a time when he said it was inoperative.

If such would be the effect of the evidence, and it was knowingly suppressed by the State, while producing Conway's contrary testimony, the petition for writ of habeas corpus would seem to have merit. Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957). See, Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).

The district court dismissed the petition without a hearing on a magistrate's report that "the state court trier of fact, after a full hearing upon the motion for a new trial reliably found the relevant facts concerning this ballistics report." The record does not support the statement that there had been a full hearing. It was admitted on oral argument before this Court that no evidentiary hearing has ever been held in the state court concerning the ballistics report. At the hearing on motion for new trial no evidence was taken, but the prosecutor told the judge that he did not reveal the bal-

listics report because there was direct proof of defendant's doing the shooting, the report would show another crime, and there was a break in the chain of evidence which made the report inadmissible. Although these facts might be true, no finding could be made without an evidentiary hearing. No court has yet seen the ballistics report, which is at the heart of the petitioner's claims. No evidentiary hearing having been held to determine the facts which control the disposition of appellant's petition, the case must be remanded for a factual determination and consideration of the petition for writ of habeas corpus in light of the findings. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2554(d).

Vacated and remanded.