RODGERS, Presiding Justice.
Will Hubbard, Jr. was indicted by the Grand Jury of Grenada County, Mississippi on a felony charge of assault and battery with intent to kill and murder. He was tried in the Circuit Court of Grenada County, convicted of a simple assault, sentenced to serve six (6) months in the county jail, and to pay a fine of five hundred dollars *171 ($500.00). He has appealed to this Court and contends that he should be given a new trial, because [among other alleged errors] the defendant was not served with a copy of the indictment.
It is not necessary for us to detail the facts involved in this case since the primary assignment of error is directed toward an alleged illegal procedural error. In a general way, however, we point out that the defendant shot one Robert Tate in the hip at a time when Tate was running away from the appellant. Robert Tate was in a group of young people gathered in front of appellant’s mother’s home at one o’clock A.M. It is contended that members of the group were threatening appellant’s mother, a young brother and a niece, and the appellant shot a .22 rifle to scare them away. The testimony is conflicting and was, therefore, a jury question as to whether or not it was necessary for the appellant to have fired his gun to protect his relatives.
The appellant was not served with a copy of the indictment as is required by Section 2441, Mississippi Code 1942 Annotated (1956) as amended by Ch. 354, § 1, [1964] Miss.Gen.Laws 486.
We have held that the delivery of a copy of the indictment to the accused in compliance with Section 2441, supra, is mandatory. Ford v. State, 218 So.2d 731 (Miss.1969). On the other hand, the right to receive a copy of the indictment may be waived by the accused where no objection is raised in the trial court. Section 2436, Mississippi Code 1942 Annotated (1956). In the instant case the accused did not object to being arraigned on a felony charge without having been furnished a copy of the indictment, but voluntarily waived the reading of the indictment, and pleaded not guilty. There was no effort on the part of the accused to show that he was unaware of the charge made against him, nor was there any showing that the accused had been prejudiced by the failure of the court to serve a copy of the indictment on the accused prior to arraignment. See Bourne v. State, 185 So.2d 677 (Miss.1966).
We are of the opinion, and so hold, that the appellant waived the requirement of Section 2441, Mississippi Code 1942 Annotated (Supp.1972) by voluntarily waiving a reading of the indictment without having made an objection to having been arraigned prior to receiving a copy of the indictment. This opinion is not authority in capital cases. See Section 2505, Mississippi Code 1942 Annotated (1956).
We find no merit in the other assignment of error, and we affirm the judgment of the trial court.
Affirmed.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.