BROOM, Justice, for the Court:
Assault with intent to kill and murder was the charge for which appellant Wood was convicted in the Circuit Court of Ita-wamba County, Mississippi. He appeals from the conviction and ten year penitentiary sentence of which two and a half years were suspended. We affirm.
Only two issues are raised: (1) Was there sufficient evidence to withstand a motion for a directed verdict and peremptory instruction ? (2) Should the court have granted a mistrial on account of statements made by the district attorney in his closing argument ?
*252 Facts established by testimony for the state showed that in the early morning of Sunday, September 2, 1973, Chief Martin (of the Fulton Police Department) and his partner were patrolling when they noticed that all the lights were out at Coleman’s Bar-b-cue restaurant. They turned in at the restaurant and saw a Pontiac station wagon which appeared to contain two male persons. As the station wagon left the premises (passing within a few feet of the patrol car), the law officers saw fire inside the restaurant. From the station wagon, as it made a left turn onto Highway 78 and proceeded toward Tupelo, two shots were fired, both of which hit the patrol car. A chase followed in which the officers pursued the wagon until it stopped some distance away where appellant was arrested.
I.
Careful perusal of the entire record reveals that the trial judge correctly refused Wood’s request for a directed verdict, and a peremptory instruction. The state's testimony showed that the wagon observed by the officers at Coleman’s was the same vehicle which they pursued and in which appellant was arrested when the chase ended. While it is true that no weapon was found in the possession of Wood or in his vehicle and no other person was found in the station wagon when the chase ended, it was for the jury to resolve the factual question of whether Wood was guilty or innocent. Based upon the testimony, the jury was justified in finding that Wood was in the station wagon when the shots were fired from it (at Coleman’s) and that he did not exit the vehicle until arrested. The jury heard testimony that the station wagon in which Wood was arrested was within the view and observation of the officers at all times after leaving Coleman’s until the arrest was made. We find that the evidence was sufficient for the case to go to the jury and that it adequately supported the guilty verdict.
II.
The only other proposition argued by Wood as grounds for reversal is his contention that the closing argument of the district attorney was improper and grounds for a mistrial. The controversial aspect of the district attorney’s argument was his assertion that Wood and his co-indictee “shot at them because they didn’t want to get caught back there burning Coleman’s Barb-cue.” Fairness requires consideration of the district attorney’s remarks together with testimony given by the law officers who during the trial testified about seeing a fire inside Coleman’s. The trial judge alertly understood the proposition at issue and stated in the record:
Counsel, on the defense’s case this was brought out in your argument. It’s a reasonable response to it, some inference perhaps seeking to draw from it. You may argue the evidence and there is some semblance of evidence although these defendants are not on trial for anything that happened to Coleman’s Bar-b-cue. The objection is overruled and the motion for mistrial is overruled.
The trial judge found that the district attorney’s argument was made in response to argument of defense counsel. Ransom v. State, 149 Miss. 262, 115 So. 208 (1928). Upon this record we cannot say that the argument constituted reversible error or that the judge abused his discretion in not declaring a mistrial on account of the closing argument of the prosecutor.
Our conclusion is that Wood (who admitted a prior homicide conviction) received a fair trial in which the verdict is strongly supported by the evidence.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SMITH, ROBERTSON and SUGG, JJ., concur.